**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JULY SESSION, 1998**

FILED

August 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9707-CC-00294** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **BLOUNT COUNTY** |
| **VS.** | ) | |
| | ) | **HON. D. KELLY THOMAS, JR.** |
| **TERRY JOE BREWER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF BLOUNT COUNTY**

FOR THE APPELLANT:

JULIE A. MARTIN
P.O. Box 426
Knoxville, TN 37901-0426

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MIKE FLYNN
District Attorney General

PHILIP MORTON
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Terry Joe Brewer, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted, upon his pleas of guilty, of violating the Motor Vehicle Habitual Offender's Act, driving while under the influence of an intoxicant, Class E felony evading arrest, and unlawful possession of drug paraphernalia.[1] The agreed sentences for the two Class E felonies were three years as a Multiple Range II offender. The agreed sentences for the Class A misdemeanors were eleven months and twenty-nine days. All sentences were to be served concurrently. The manner of service of the sentences was left to the discretion of the trial judge. The judge ordered that nine months of the felony sentences be served in the county jail, with the balance to be served in the community corrections program. The Defendant appeals from the trial judge's order that nine months of the sentence be served in confinement. We affirm the judgment of the trial court.

At the sentencing hearing, the Defendant testified that he did not remember much about the offenses to which he pleaded guilty because he was "drunk on moonshine." He said that he and his brother had consumed about a half-gallon of moonshine and they "got to fighting." He got into a truck to drive away, shortly thereafter the police stopped him, and the charges which led to his guilty pleas followed.

---

[1]Tenn. Code Ann. § 55-10-616; Tenn. Code Ann. § 55-10-401; Tenn. Code Ann. § 39-16-603(b); and Tenn. Code Ann. § 39-17-425.

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is ?conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

The presentence report reflects that at the time of the offense the Defendant was thirty-four years of age, single, and had a ninth-grade education. The Defendant has a rather lengthy history of criminal conduct spanning a fifteen-year period. His convictions include two for larceny from the person, two for assault, one for grand larceny, one for first degree burglary, two for receiving stolen property and two for driving on a suspended license. He has served time in the penitentiary at least once and apparently his parole has been revoked on two occasions. He admitted to long-term use of marijuana and tested positive for marijuana on a drug screen just a few days before his sentencing hearing.

In this appeal, the Defendant concedes "that some period of confinement would likely be warranted." He argues, however, that nine months of confinement is excessive, and that two months would be more appropriate. Trial judges are traditionally vested with broad discretionary authority in sentencing matters. Based on the Defendant's lengthy criminal record, the failure of less restrictive measures in the past, and the Defendant's continued disregard for the laws of this State, we are unable to conclude that the trial judge erred or abused his discretion by ordering that nine months of the Defendant's sentence be served in the county jail.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE